UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 5:26-cv-00623-CAS-AGR | Date | February 19, 2026 |
|---|---|---|---|
| Title | Himmat Singh Khalsa v. James Janecka et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) – PETITIONER'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (Dkt. 4, filed on February 12, 2026)

## I.   INTRODUCTION

On February 11, 2026, Himmat Singh Khalsa ("Petitioner" or "Khalsa") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for declaratory and injunctive relief against the James Janecka, Ernesto Santacruz, Kristi Noem, and Pamela Bondi (collectively, "Respondents").[1] Dkt. 1 ("Pet."). Petitioner requests that the Court order Petitioner's immediate release from custody; declare that Petitioner's arrest and detention and detention without a bond hearing violate the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act ("INA"); and declare that Respondents' conduct violates the Administrative Procedure Act ("APA"). See Pet. at 20-21.

On February 12, 2026, Petitioner filed the instant *ex parte* application for a temporary restraining order and a preliminary injunction. Dkt. 4 ("App.").

The same day, the Court enjoined Respondents from relocating Petitioner outside the Central District of California until further order of Court. Dkt. 5.

---

[1] James Janecka is the Warden of the Adelanto Detention Facility; Ernesto Santacruz is the Director of the Los Angeles Field Office of the U.S. Immigration and Customs Enforcement ("ICE"); Kristi Noem is the Secretary of the Department of Homeland Security ("DHS"); Pamela Bondi is the Attorney General of the United States.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00623-CAS-AGR | Date | February 19, 2026 |
|---|---|---|---|
| Title | Himmat Singh Khalsa v. James Janecka et al. | | |

On February 17, 2026, Respondents filed a response to Petitioner's *ex parte* application for a TRO. Dkt. 7 ("Opp.").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Petitioner alleges the following in his petition.

Petitioner is a 28-year-old native and citizen of India. Pet. ¶ 13. On August 6, 2015, he entered the United States without inspection, at or near Nogales, Arizona, as an unaccompanied minor. Shortly after his entry, Petitioner was placed in DHS custody and transferred to a juvenile immigration shelter in Chicago, Illinois. DHS served Petitioner with a Notice to Appear, placing him in removal proceedings under INA § 240, and charged him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the U.S. without being admitted or paroled. Pet. ¶ 13.

On October 15, 2015, DHS issued Petitioner Form I-200, Warrant for Arrest of Alien, indicating that Khalsa was taken into custody "as authorized by section 236 of the Immigration and Nationality Act." Id.

On November 17, 2015, Petitioner, through counsel, filed a motion for custody redetermination with the Immigration Court. An Immigration Judge granted the motion two days later, ordering a change in custody status to allow release on bond. On November 19, 2015, Petitioner was released from DHS custody upon posting bond. Id.

Thereafter, Petitioner timely filed for asylum. On July 15, 2016, he filed a Form I-589, Application for Asylum and Withholding of Removal. Id. ¶ 14. Because Petitioner was a minor at that time, his asylum application was initially subject to USCIS jurisdiction under special procedures for unaccompanied children. Petitioner was granted employment authorization and has lived openly in the United States while his case was pending. Id.

On November 16, 2016, an Immigration Judge ordered administrative closure of Petitioner's removal proceedings. In 2021, however, USCIS declined to adjudicate Petitioner's asylum claim, concluding that it lacked jurisdiction once Petitioner was no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00623-CAS-AGR | Date | February 19, 2026 |
|---|---|---|---|
| Title | Himmat Singh Khalsa v. James Janecka et al. | | |

longer a minor. USCIS issued a notice on September 1, 2021, formally stating it had no jurisdiction to proceed with Petitioner's pending Form I-589. Following that notice, DHS moved to re-calendar Petitioner's removal case. On September 28, 2021, the Immigration Court granted DHS's motion and re-calendared Petitioner's removal proceedings. On November 17, 2023, Petitioner then filed a renewed Form I-589 asylum application with the Executive Office for Immigration Review ("EOIR"). That application remains pending before the Immigration Court. Id.

Over the ten years since his release on bond in 2015, Petitioner has established a life and significant community ties in the United States. He has resided in the community and complied with all requirements of his immigration process. Petitioner has pursued his education and lawful employment, and he has continued his claim for humanitarian protection in the United States. Id. ¶ 15.

On October 1, 2025, a federal grand jury in the Central District of California returned an indictment, charging Petitioner with conspiracy to commit wire fraud and conspiracy to commit theft from interstate shipments. Id. ¶ 16. On October 10, 2025, Petitioner was arrested on these charges. On October 15, 2025, at his initial appearance in his criminal case, a United States Magistrate Judge granted Petitioner pretrial release on bond. Id.

The same day, however, immediately upon Petitioner's release from criminal custody, ICE executed an immigration detainer to take Petitioner back into DHS custody. Id. ¶ 17. Because Petitioner had previously been out on an immigration bond granted under 8 U.S.C. § 1226(a), Petitioner was not given a new bond hearing; ICE's immigration detainer effectively revoked Petitioner's prior bond and returned him to civil detention. Petitioner was held in ICE custody and, on December 17, 2025, ICE transferred Petitioner to the Adelanto Detention Facility to continue his detention, where he remains to this day. Id. ¶ 17.

Petitioner has no criminal convictions. Apart from the recent pending federal criminal charges, Petitioner has no criminal history and has never been found to pose a danger to the community. Due to the government's actions and the Board of Immigration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00623-CAS-AGR | Date | February 19, 2026 |
|---|---|---|---|
| Title | Himmat Singh Khalsa v. James Janecka et al. | | |

Appeal's ("BIA") decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), Petitioner has been denied a bond hearing. [2] Id. ¶ 19.

### III. LEGAL STANDARD

"Ex parte applications are permitted solely for extraordinary relief. Whether to grant them is within the discretion of the district court." Thomas v. Thomas Wylde, LLC, No. 17-CV-04158-JAK (PJWx), 2017 WL 8236279, at *1 (C.D. Cal. June 7, 2017). To justify such relief, an applicant must present evidence showing that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). The Ninth Circuit summarized the Supreme Court's clarification of the standard for granting preliminary injunctions in Winter as follows: "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010). Serious questions are those "which cannot be resolved one way or the other at the hearing on the injunction." Bernhardt v. Los Angeles Cty., 339 F.3d 920, 926 (9th Cir. 2003) (quoting Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988)).

---

[2] On February 18, 2026, the Honorable Sunshine S. Sykes held that the BIA's decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), was an "incorrect interpretation of law" and vacated the decision under the Administrative Procedure Act. Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284, at *10 (C.D. Cal. Feb. 18, 2026).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00623-CAS-AGR | Date | February 19, 2026 |
|---|---|---|---|
| Title | Himmat Singh Khalsa v. James Janecka et al. | | |

If the Court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

## IV. DISCUSSION

The Court finds that the *ex parte* nature of Petitioner's request for relief is appropriate because Petitioner alleges irreparable injury by unlawful detention. See Mission Power, 883 F. Supp. at 492 (discussing showing required for *ex parte* relief); Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018) ("Deprivation of physical liberty by detention constitutes irreparable harm.").

### A. Petitioner is Likely to Succeed on the Merits Challenging his Detention

#### 1. Procedural Due Process

Petitioner argues that his re-detention in October 2025, without a pre-detention hearing, violates the Due Process Clause of the Fifth Amendment. App. at 4. First, Petitioner argues that he has acquired a significant liberty interest in remaining free from detention after his initial release from DHS custody on November 19, 2015. Id. at 6. Moreover, Petitioner argues that his "private interest [in remaining free] is uniquely heightened" by the fact that following his re-arrest on October 10, 2025, pursuant to criminal charges on which he was indicted, a Magistrate Judge "determined that … Khalsa could remain [free] pending trial." App. at 6. Petitioner argues that his re-detention by ICE immediately following Petitioner's release on bond from criminal custody "has not only stripped him of his physical liberty but also nullified the relief granted by the Article III courts." Id. at 6-7.

Second, Petitioner argues that ICE's process used to re-detain him carries an unacceptably high risk of error. Id. at 7. Petitioner argues that "ICE re-detained … [him] without providing any … reasons or any hearing at which he could contest the necessity of his detention. He was not afforded a neutral decisionmaker's review at all, let alone one where the Government had to justify why revoking his release on bond by an Immigration Judge and returning him to jail were warranted." Id. at 7. Petitioner argues that "the risk of [his erroneous detention] is not hypothetical [and] it is demonstrated by the conflicting determinations of two federal entities," given that a "U.S. Magistrate Judge in [his] criminal case … found that [his] conditions of release were sufficient to assure [his] appearance and the safety of the community." Id. at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00623-CAS-AGR | Date | February 19, 2026 |
|---|---|---|---|
| Title | Himmat Singh Khalsa v. James Janecka et al. | | |

Third, Petitioner argues that the government has a weak interest in re-detaining him without a hearing. Id. at 8. Petitioner does not dispute that the government has a "general interest in enforcing the immigration laws and ensuring court appearances"; however, Petitioner argues that "[he] has never missed a court date in his ten years in the United States [and] [t]he Government has articulated no *particularized* reason why he suddenly must be jailed now." Id. (emphasis in original). Moreover, Petitioner argues that requiring the government to provide him with a bond hearing prior to his detention would impose a minimal administrative burden on the government and pose minimal risks because "he was living peaceably in the community before and has no history of violence." Id. at 8.

In their response, Respondents do not address Petitioner's due process arguments and state that "Petitioner appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)." Opp. at 2. Respondents further state that "[w]hile the Petitioner seeks immediate release, to the extent Petitioner would be entitled to any remedy via the TRO Motion, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." Id.

The Court finds that Petitioner is likely to succeed on the merits of his procedural due process claim. "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998). The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the deprivation "of life, liberty, or property, without due process of law." U.S. CONST. amend. V. The right to due process extends to noncitizens in the United States. See Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Wong Wing v. United States, 163 U.S. 228, 238 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guaranteed by [the Fifth Amendment], and that even aliens shall not ... be deprived of life, liberty, or property without due process of law."); Trump v. J. G. G., 604 U.S. 670 (2025) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (citation modified).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00623-CAS-AGR | Date | February 19, 2026 |
| Title | Himmat Singh Khalsa v. James Janecka et al. | | |

It is also well-established that freedom from government detention is a protected liberty interest. See Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects."). While the government may have "the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody, she has a protected liberty interest in remaining out of custody." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025); see also Ortega v. Bonnar, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does Petitioner have a liberty interest in remaining out of custody on bond.").

Here, the parties do not dispute that shortly after the issuance of his Notice to Appear charging him of being removable from the United States, Petitioner was released from DHS custody on November 19, 2015 upon posting bond. Pet. ¶ 53; dkt. 1-2 at 50-51. His release was an implicit promise that he would be able to stay free from detention for the duration of his administrative proceedings absent changed circumstances. See Morrissey v. Brewer, 408 U.S. 471, 41-84 (1972) (a parolee "relie[s] on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." The revocation of parole undoubtedly "inflicts a grievous loss on the parolee," and as such, a parolee possesses a protected interest in his continued liberty.). Petitioner thereby gained a protected liberty interest in remaining out of custody.

Having determined that Petitioner has a protected liberty interest remaining out of custody, the Court applies the three-part test established in Mathews v. Eldridge, 424 U.S. 319 (1976) to determine whether the government's procedures were constitutionally sufficient. The Mathews test balances three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335. The Court finds that each of the three Mathews factors supports Petitioner's right to a hearing before a neutral decisionmaker prior to re-detention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00623-CAS-AGR | Date | February 19, 2026 |
|---|---|---|---|
| Title | Himmat Singh Khalsa v. James Janecka et al. | | |

First, as explained above, Petitioner has a substantial liberty interest in remaining out of custody after having initially been conditionally released by immigration enforcement officials. Respondents may argue that DHS has extensive discretion in deciding whether an individual should be detained or re-detained, as if that discretion lessens Petitioner's interest in remaining conditionally free from detention. But "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017). Here, Petitioner was released from ICE custody after his initial apprehension and has been free from detention for nearly two years. His release from ICE custody constituted an "implied promise" that his liberty would not be revoked unless he "failed to live up to the conditions of his release." Morrissey, 408 U.S. at 482. Accordingly, Petitioner's private interest in retaining his liberty is significant.

Second, the Court finds that the risk of erroneous deprivation of liberty is high absent the procedural safeguard of a hearing before a neutral decisionmaker to determine whether Petitioner's detention bears a reasonable relation to the authorized statutory purposes of civil immigration detention: to ensure appearance at future immigration proceedings or to prevent danger to the community. Zadvydas, 533 U.S. at 693-94. Respondents do not argue that Petitioner is or has been previously determined to be a flight risk or a danger to the community. Furthermore, the Court finds that the Immigration Judge's November 17, 2015, decision to release Petitioner on bond reflects a determination that Petitioner was neither a flight risk nor a danger to the community at that time. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) ("As ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [Petitioner's] release that ICE determined she was neither."). Moreover, after being arrested on October 10, 2025, pursuant to federal criminal charges he was indicted on, a Magistrate Judge on October 15, 2025, granted Petitioner pretrial release on bond. Pet. ¶ 16; dkt. 1-2 at 12. This determination by the Magistrate Judge also reflects a determination that the conditions of Petitioner's release were sufficient to assure his appearance in court and the safety of the community. See United States v. Kindell, No. 323CR00039ARTBNW, 2024 WL 841098, at *2 (D. Nev. Feb. 27, 2024) ("The fundamental precept of the Bail Reform Act mandates the release of individuals so long as the court can be reasonably assured that the defendant does not pose a flight risk or danger to the community."). Respondents do not contest that Petitioner has abided by the conditions of his initial release from DHS custody on November 19, 2015 and his subsequent release from federal custody on October 15,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 5:26-cv-00623-CAS-AGR | Date | February 19, 2026 |
|---|---|---|---|
| Title | Himmat Singh Khalsa v. James Janecka et al. | | |

2025. The Court finds no reason to determine that Petitioner, if not in custody, would fail to appear in future immigration proceedings.

Third, the Court finds that the government's interest in keeping Petitioner detained is low. As explained, the government has not shown that Petitioner's detention serves either to prevent flight or a danger to the community. See Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017) ("As to the third factor, the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."). "Nor can the government suggest that the cost of providing such protections would be fiscally or administratively onerous." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1036 (N.D. Cal. 2025). "In immigration court, custody hearings are routine and impose a 'minimal' cost." Singh v. Andrews, No. 1:25-CV-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025). "The government's interest is further diminished where a person 'has consistently appeared for [his] immigration hearings ... and [ ] does not have a criminal record." Id. (citation omitted).

Accordingly, the Court concludes that Petitioner has shown a likelihood of success on the merits that his right to due process was violated by his detention without a pre-deprivation hearing.

   2.   Substantive Due Process

The Court finds that Petitioner's complaint also raises serious questions going to the merits of his substantive due process claim. "Substantive due process protects individuals from arbitrary deprivation of their liberty by government." Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006). As described above, Petitioner's freedom from custody after his initial detention is a protected and weighty liberty interest. Due process requires that "the nature and duration" of detention "bear some reasonable relation to the purpose for which the individual is" detained. Jackson v. Indiana, 406 U.S. 715, 738 (1972). Given that civil immigration detention is justified only when an individual poses a flight risk or a danger to the community, Zadvydas, 533 U.S. at 690, and the government had previously released Petitioner implicitly finding that he was neither, the Court finds that Petitioner has demonstrated at least a serious question as to whether his detention violates his substantive due process rights by failing to serve any valid purpose.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00623-CAS-AGR | Date | February 19, 2026 |
| Title | Himmat Singh Khalsa v. James Janecka et al. | | |

### B. Petitioner is Likely to Suffer Irreparable Harm

"It is well-established that the first factor is especially important when a plaintiff alleges a constitutional violation and injury. If a plaintiff in such a case shows he is likely to prevail on the merits, that showing usually demonstrates he is suffering irreparable harm no matter how brief the violation." Baird v. Bonta, 81 F.4th 1036, 1040 (9th Cir. 2023). The Court finds that Petitioner would be immediately and irreparably harmed by his continued deprivation of liberty without due process. See Hernandez v. Sessions, 872 F.3d 976, 994-95 (9th Cir. 2017) (finding irreparable harm was likely to result from government's policy of not considering financial ability to pay immigration bonds); see also Rodriguez v. Robbins, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (finding irreparable harm was likely to result from government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention). Furthermore, the Court finds that Petitioner is likely to suffer irreparable harm if re-detained without due process.

### C. Balance of Equities and the Public Interest

The last two Winter factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009). The government has a significant interest in the enforcement of its immigration laws. Nevertheless, the Court finds that the balance of equities and public interest factors tip in favor of Petitioner because Petitioner challenges his detention that is likely in violation of federal law and the Constitution. See Valle del Sol Inc. v. Whiting, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law.") (citations omitted); see also Rodriguez v. Robbins, 715 F.3d 1127, 1145 (9th Cir. 2013) (the government "cannot suffer harm from an injunction that merely ends an unlawful practice"). Furthermore, if Respondents later prove that Petitioner's detention is necessary to prevent flight or danger to the community, then re-detention may be permitted by an immigration judge.

### D. Appropriate Relief

The appropriate relief here is not merely a post-detention bond hearing. See E.A. T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("[S]uch a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); see also Preiser v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00623-CAS-AGR | Date | February 19, 2026 |
|---|---|---|---|
| Title | Himmat Singh Khalsa v. James Janecka et al. | | |

Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). Procedural due process affords Petitioner the right to a hearing before a neutral decisionmaker *prior* to any re-arrest or re-detention to determine if the government has demonstrated by clear and convincing evidence that his detention is necessary to prevent danger to the community or flight. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1199 (9th Cir. 2022) ("clear and convincing evidence standard of proof" is based on "general principles of procedural due process, reasoning that a detained person's liberty interest is substantial").[3] Accordingly, Petitioner should be immediately released from custody on the same terms that existed prior to his re-detention by DHS on October 15, 2025.[4] See Yang v. Kaiser, No. 2:25-cv-02205-DAD-AC, 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025) (status quo ante is "the last uncontested status which preceded the pending controversy.").

### E. Bond is Waived

The Court exercises its discretion and waives the bond requirement under Rule 65(c) because Respondents have not demonstrated any likelihood of harm if the Court grants the requested TRO. See Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.") (citation omitted).

### V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Petitioner's request for a temporary restraining order. It is hereby **ORDERED** that:

---

[3] In Rodriguez Diaz, while the Ninth Circuit concluded that a clear and convincing standard was not constitutionally required in 8 U.S.C. § 1226(a) bond hearings because the procedure provided by statute was constitutionally adequate, the Court finds that neither the statute nor the holding of Rodriguez Diaz directly address the standard of proof that due process compels for a pre-detention hearing after an initial release from custody. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025).

[4] In light of the Court's decision herein, it need not consider Petitioner's claims under the Immigration and Nationality Act and the Administrative Procedure Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00623-CAS-AGR | Date | February 19, 2026 |
|---|---|---|---|
| Title | Himmat Singh Khalsa v. James Janecka et al. | | |

    1.  Respondents shall effectuate Petitioner's immediate release from custody to the conditions of release that existed prior to his re-arrest by DHS on October 15, 2025.

    2.  Respondents shall not re-detain Petitioner absent compliance with constitutional protections, which include, a pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present;

    3.  Respondents are enjoined from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case;

    4.  Petitioner shall not relocate outside of the Central District of California pending final resolution of this case; and

    5.  Respondents shall show cause in writing by no later than seven (7) days of this Order as to why the Court should not issue a preliminary injunction in this case. Petitioner may file a response no later than three (3) days after Respondents' filing. The parties' briefing on a preliminary injunction should address whether the granting of this TRO renders the preliminary injunction request, and the habeas petition itself, moot.

    6.  Respondents shall file a status report within two (2) days of this Order confirming their compliance with this Order.

    IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |